### KANE v. CITY OF TROY.

*(Supreme Court, General Term, Third Department.　May 17, 1888.)*

1. MUNICIPAL CORPORATIONS—OBSTRUCTIONS IN STREET—PROVINCE OF JURY.
   In an action against a city for injuries sustained by plaintiff being overturned in his sleigh by driving over a pile of rubbish in the street, the evidence for plaintiff was to the effect that, as he was slowly driving up to the curb-stone to alight, his wife and sister being with him, after dark, without observing the obstruction, he was upset, and seriously injured. The street was a frequented one, and plaintiff had never noticed an obstruction there before. The rubbish was a pile of garbage about two feet high and six or eight feet long, and had been there three weeks. On the part of defendant there was evidence that no such pile existed, or, if any, that it was too small to have produced the accident. *Held,* sufficient evidence to justify the jury in finding the city guilty of negligence.

2. SAME—EVIDENCE—CITY ORDINANCES.
   In such action, a section of defendant's ordinances, providing that the mayor, a member of the council, the city commissioner, any street commissioner, street inspector, or the police of the city should be authorized to order any obstruction removed from the streets, and, in case of the person causing such obstruction failing to remove the same, it should be the duty of such city commissioner, inspector, or police to cause it to be removed, was properly admitted as evidence for the plaintiff.

3. SAME—EXTENT OF INJURIES—COMPLAINTS OF PAIN.
   Evidence that plaintiff, when taken out in a carriage some weeks after the accident, complained of pain, was properly admitted.[1]

4. SAME—EVIDENCE—RELEVANCY.
   In such case, a question asked plaintiff on cross-examination as to whether his wife had also instituted an action against the city for the same accident was properly excluded.

5. SAME.
   Plaintiff, on cross-examination, being asked whether he did not, as soon as he was injured, go to work to commence a lawsuit against defendant for the injuries, the question was properly excluded.

Appeal from circuit court, Rensselaer county; ALTON B. PARKER, Justice.

Action by Thomas E. Kane against the city of Troy for injuries received by being overturned from a sleigh by a pile of rubbish in the street. There was a verdict for plaintiff for $500, and judgment thereon, from which defendant appealed. The evidence for plaintiff was to the effect that as he was driving up to the curb-stone at a walk for the purpose of alighting, his wife and sister with him, after dark, without observing the obstruction, he was upset, and seriously injured. The street was a frequented one, and plaintiff had never noticed the rubbish there before. It was a pile of ashes and garbage about two feet high and six or eight feet long, and had been there three weeks. There was evidence on the part of defendant that no such pile existed, or, if any, that it was too small to have caused the injury. Section 13 of the city ordinance of June 10, 1869, was admitted as evidence on behalf of the plaintiff. It provides that the mayor, a member of the council, the city commissioner, street commissioner, street inspector, or the police of the city may order the removal of an obstruction to the streets, and, on the failure of the person causing the same to remove it, it shall be the duty of the city commissioner, inspector, or police to cause its removal.

Argued before LEARNED, P. J., and LANDON and INGALLS, JJ.

---

[1] Where it becomes important to illustrate the physical or mental condition of an individual, either at the time an injury is received, or from thence to the time of an inquiry as to its severity, effect, and nature, expressions or declarations of present existing pain or malady, whether made at the time the injury is received or subsequent to it, are admissible in evidence. Railway Co. v. Newell, (Ind.) 3 N. E. Rep. 836; Railway Co. v. Falvey, Id. 387; Turnpike Co. v. Andrews, (Ind.) 1 N. E. Rep. 364; Railway Co. v. Wood, (Ind.) 14 N. E. Rep. 572; Bridge v. City of Oshkosh, (Wis.) 37 N. W. Rep. 409.

*R. A. Parmenter*, for appellant.  *Smith, Fursman & Cowen*, for respondent.

PER CURIAM.  The plaintiff was driving a sleigh through one of the streets of the city.  In drawing up towards the sidewalk for the purpose of alighting, the sleigh ran over a pile of rubbish, and was upset.  The plaintiff was thrown out and injured.  This action is to recover damages for the injury.  We have examined the evidence.  The case was plainly one for the jury.  It seems to have been fairly tried, and the verdict is not extensive.  We cannot say that the jury were not justified by the evidence in finding the city negligent in leaving the pile of rubbish in the street.  If there was a conflict of evidence in that respect, the question was for their decision.  There was no error in excluding the question, on plaintiff's cross-examination, whether his wife had commenced suit against the city.  She had not then been a witness.  When she was afterwards put on the stand the question was asked her, and was answered.  There was no error in excluding the question whether plaintiff, as soon as he got hurt, did not go to work to commence a lawsuit against defendant.  What the plaintiff did about commencing an action might have been, and was, proved.  It was proper to show that the plaintiff, when taken out in a carriage some weeks after the injury, complained of pain.  Such evidence has been frequently admitted.  Of course, it may be feigned.  So may expressions of the face and the like.  Yet they are admissible.  *Hagenlocher* v. *Railroad Co.*, 99 N. Y. 136.  We do not see that any error was committed in receiving a city ordinance in evidence.  These were followed up by the resolution passed subsequently to the new charter, which imposed the duties on a street superintendent.  Nothing was said in the charge as to any duty on the part of the police.  The charge was put on the grounds of the duty of the city to exercise reasonable diligence in looking after its streets and seeing that they are in safe condition.  The judgment and order are affirmed, with costs.